*295 Statement of the Case.
MONROE, O. J.
Defendant prosecutes this appeal from a judgment condemning him to pay $600, as damages for causing the arrest of plaintiff upon a charge of assault with a shotgun, and threatening to kill him with it, and for causing one Louis Armstrong to bring a charge of assault and battery against him. Plaintiff has answered the appeal, praying that the amount of the award be increased.
The judge a quo found it to be clear that, in making the charge out of which this suit has arisen, defendant acted with malice and without probable cause, and we discover no error in that finding. The mater jai facts, as disclosed by the evidence, are: That defendant’s orange grove, fronting about an arpent and a half, more or less, on the Mississippi river, adjoins that of XDlaintiff’s father; that the latter has reared a large family of children, between whom and defendant there appears to have existed rather bad feeling, during plaintiff’s entire life, of, say, 23 years; that plaintiff is undersized, crippled in one leg, and has some bad traits of character and the deserved reputation of carrying a gun; that defendant is a powerful man, and disposed to be domineering and quarrelsome— his next-door neighbor (on the other side from the Mistich’s), who was summoned as a witness in his behalf, and who makes no personal complaint against him, testifying that “he has had lots of trouble with other people,” and some fights, and witness could not say otherwise than that “he has the reputation of being in court every time that the court meets, making affidavits against parties.” On May 25, 1911, a time when plaintiff’s father was absent from home, defendant entered upon his premises '(possibly, in search of stray chickens), and plaintiff, being told of his presence, and seeing him as he was about reaching, or had reached, his own premises again, asked him what his business was, whereupon there followed an interchange of language neither chaste, elegant, nor complimentary; but, according to the testimony of three witnesses who say that they were present, there was no gun displayed and no threat of using one; and the most that defendant has to say upon the subject is that, being on his own property, and plaintiff being seated under an orange tree, on his father’s place, plaintiff picked up a gun that was lying beside him, and said (after a profane prologue):
“ ‘You have been here yesterday and you have been here to-day; if you come over here, I am going to blow your head off.’ Q. You say lie brandished the gun at you? A. He raised it up and shook it at me, and he says, ‘You see this/ he says; * * * ‘if you come over here, I will blow your head off; you have been here yesterday, and you have been here this morning.’ ”
On the following day defendant made the charge here complained of, and, upon the hearing of the same before the committing magistrate, gave testimony which, in many respects, differs radically from that given by him on the trial of this case; the result of that hearing having been that" the charge was dismissed. Thereafter, on the same day (May 26th), it appears that plaintiff had some difference with a youth of 18 by the name of Armstrong, and struck or slapped him in the face, and, the matter coming to the knowledge of defendant, he took it upon himself to call upon Armstrong’s father, at the residence of the latter, where he found him sick in bed, and to insist upon his prosecuting the plaintiff, though Armstrong, Sr., told him that he was sick and had no money and did not wish to prosecute. Defendant, however, undertook to bear the expense, and told Armstrong, Sr., that, unless he or his son prosecuted plaintiff, he (defendant) would prosecute Armstrong, Jr., about some trifling matter that had occurred between them, and in the end he prevailed on Armstrong, Sr., to send his son with defendant to make an affidavit against plaintiff, defendant pay *297 ing the expense. Later on, however, the Armstrongs abandoned the prosecution, and defendant thereupon filed an affidavit against Armstrong, Jr., of the result of which we are not informed. He also endeavored to induce a young woman to make a charge, the nature of which is not stated, against plaintiff, and she testifies that he offered her $50 to do so, and he, in effect, admits that she was given $2-by his wife, with the understanding that she would go to court on the following day and make the charge, which, however, she failed to do.
Opinion.
[1] Defendant has moved to remand the case, on the ground that since the trial in the district court plaintiff has been twice charged with slander, which he has admitted and apologized for; once charged with using bad language on the public highway; once charged and convicted of assault with a dangerous weapon, to wit, a stick; and that, having been given an option of a sentence upon the charge last mentioned or of leaving the parish, he has left the parish.
But, conceding arguendo that the averments of the motion are sustained by the facts alleged, those facts have no bearing upon the case now before us. The motion is therefore denied.
[2] It is contended that plaintiff should not recover, because, though Armstrong, Jr., abandoned the prosecution of the charge made by him, defendant (plaintiff herein) was not acquitted, and the nolle prosequi was not entered until after the institution of this suit. But there is no merit in that contention, since the action of the plaintiff in connection with that charge, even though the charge had never been abandoned, throws light upon the question of malice vel non in the bringing by defendant of the charge of which plaintiff was acquitted. We find no reason for either reversing the judgment appealed from or increasing the award thereby made.
Judgment affirmed.